UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| MAZAL ILYAICH, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITE CARE DEVELOPMENT, LLC d/b/a HUDSON HILL CENTER FOR REHABILITATION AND NURSING, and DANIEL SPIZER,<br><br>Defendants. | Case No.: 7:26-cv-01642<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT WITH DEMAND FOR JURY TRIAL** |

Plaintiff Mazal Ilyaich (hereinafter "Ilyaich" or "Plaintiff"), by and through her attorneys, Consumer Attorneys PLLC, on behalf of herself and all others similarly situated, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Defendants Infinite Care Development, LLC d/b/a Hudson Hill Center for Rehabilitation and Nursing (hereinafter "Hudson Hill" or the "Corporate Defendant") and Daniel Spizer (hereinafter "Spizer" or the "Individual Defendant") (collectively hereinafter the "Defendants" or "Joint Employers") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), as well as the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*, ("NYSHRL"), the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law, §§ 190, *et seq.*, 12 NYCRR § 142-2.2 ("NYLL").

1

2. Upon information and belief, Defendants discriminated against Plaintiff by reason of her religion and national origin and carried out an unlawful payroll policy and practice by failing to pay Plaintiff for all worked hours as required by law, including non-payment of overtime pay, by misclassifying Plaintiff and others as independent contractors to evade minimum wage and/or overtime obligations.

3. Plaintiff has therefore commenced this case to seeks damages and all other available relief for Defendants' violation of the law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's Title VII and FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1343 as well as 29 U.S.C. § 216(b) because it involves federal questions regarding the Defendants' religious and racial discrimination in violation of the Plaintiff's rights under Title VII and Defendants' violations of the FLSA.

5. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State laws pursuant to 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendants and suffered the discrimination and retaliation in Yonkers, NY.

7. At all times material hereto, Plaintiff, and all others similarly situated, performed non-exempt duties for the benefit of Defendants in the State of New York including within the town of Yonkers, in the County of Westchester.

**PARTIES**

8. Plaintiff is an adult individual who is a citizen of the State of New York residing in Mount Vernon.

9. Plaintiff was employed by the Defendants in the State of New York during the period of August 26, 2023 through August 21, 2024, for a period of fifty-one (51) weeks.

10. The Corporate Defendant is a business entity organized under the laws of New York with a primary office located at 65 Ashburton Avenue, Yonkers, NY 10701.

11. Spizer is an adult individual who, upon information and belief, is a citizen of the State of New York.

12. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of New York.

13. At all times relevant, Spizer had managerial authority over Plaintiff, including the ability to hire, fire, set schedules, set wages, and otherwise set the terms and conditions of employment for Plaintiff such that he is an employer under the FLSA, NYLL, and NYSHRL.

**PROCEDURAL BACKGROUND**

14. Plaintiff exhausted her administrative remedies at the Equal Employment Opportunity Commission.

15. The U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Notice of Right to Sue, which Plaintiff received on December 1, 2025, a true and correct copy of which is annexed hereto as **Exhibit A**.

16. This Complaint is being filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

17.

3

**FACTS**

18. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant discriminated against the Plaintiff on the basis of her religion and national origin.

19. Plaintiff was employed by Defendants since August 26, 2023 wherein she served as a Director of Social Service.

20. Plaintiff steadfastly performed her job duties in a loyal, efficient, and reliable manner and maintained an unblemished record of employment for Defendant.

21. During the course of Plaintiff's employment, she was treated well at all times until June 2024, when management discovered that Plaintiff was romantically involved with a Hispanic employee.

22. Specifically, Spizer – who only commenced employment with Defendants in May 2024 – is an Orthodox Jewish male who supervised Plaintiff.

23. During their working relationship, Spizer identified with Plaintiff as a fellow Jewish colleague.

24. However, in June 2024, Spizer learned that Plaintiff was romantically involved with a Hispanic male at work; ever since then, Spizer's demeanor and attitude towards Plaintiff changed.

25. This was because Spizer objected to a Jewish woman being romantically involved with a non-Jewish Hispanic male.

26. Beginning in June 2024 until her termination just two (2) months later, Spizer avoided contact with Plaintiff and made her felt ostracized.

27. Spizer's conduct towards Plaintiff and her boyfriend following his discovery of their relationship was so bad that, towards the end of July 2024, Plaintiff and her boyfriend both complained that his conduct was discriminatory.

28. Nothing was done about Plaintiff and that of her boyfriend's complaint.

29. Less than a month later, Plaintiff was terminated on August 21, 2024 without providing any reason for same, despite the fact she performed her work well and had no complaints.

30. Critically, since his discovery of their relationship in June 2024, Spizer also commenced a campaign and witch hunt against Plaintiff's Hispanic boyfriend (who was part of the union) in order to get him terminated.

31. Plaintiff's Hispanic boyfriend ended up quitting on August 22, 2024 due to Spizer's relentless efforts to target him at work.

32. As a result of the discriminatory conduct Plaintiff was subjected to, the Corporate Defendant and its owner(s) are guilty of multiple serious violations of federal, state, and local laws concerning discrimination based on religion and race.

33. As a result of these violations of labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

34. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

35. To add insult to injury, Plaintiff was also not properly paid under the law.

36. Plaintiff regularly worked forty-six (46) hours a week during the time she weas employed by Defendants.

37. However, Plaintiff was paid a flat weekly salary of $1,538.46 until May 2024, when she received a weekly salary of $1,730.77 such that her derived regular hourly rate was $38.46 until May 2024, when her derived regular hourly rate was $43.27.

38. Defendants failed to pay Plaintiff the half-time differential every week for the six (6) hours of overtime she regularly worked in the weekly amount of $115.38 until May 2024, when her half-time differential amounted to $129.81 per week.

39. At all times relevant, the Defendant had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties.

40. At all times relevant, the Defendant had actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

41. Plaintiff, by reason of the non-payment of her wages and the inhumane treatment by the Defendant towards her, was then compelled to air her grievances but the same fell on deaf ears.

42. At all times during her employment with the Defendant, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding her work performance.

43. Upon information and belief, the Defendant at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

44. As a result of Defendants' violation and failure to pay proper wages, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that she should have received for her hours worked in compliance with the FLSA.

45. Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate her total hours worked and determine if she was being paid in accordance with the FLSA.

46. As a result of these violations of labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

47. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings this FLSA claim as a collective action on behalf of herself and others similarly situated who have been employed by the Defendants during the full statute of limitations period (hereinafter the "FLSA Collective Members").

49. At all relevant times, Plaintiff and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of: (i) failing to compensate Plaintiff and the FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; and (ii) failing to timely pay all wages owed.

50. At all relevant times, Defendants had been fully aware of the duties performed by Plaintiff and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

51. Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective Members.

52. As a result of its unlawful conduct, Defendants are liable to Plaintiff and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest, plus

an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective Members.

53. While the exact number of the FLSA Collective is unknown to Plaintiff at this time, upon information and belief, there are approximately forty (40) individuals of the FLSA Collective Members.

54. Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective Members.

55. Accordingly, the Court should require the Defendants to provide Plaintiff with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff may provide the members of the FLSA Collective Action notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings this action, in part, as a class action under the NYLL as well as all applicable regulations thereunder.

**A. Class Definition**

57. Plaintiff seeks to maintain claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), on behalf of herself and a class of all other employees who have been employed by Joint Employers at any time during the full statute of limitations period (hereinafter the "Class").

58. Additionally, Plaintiff seeks to maintain claims, pursuant to Rule 23, on behalf of herself and a subclass of all individuals who have been employed by Joint Employers at any time during the full statute of limitations period (hereinafter the "Subclass").

59. Plaintiff alleges, on behalf of herself and the Class, that Joint Employers violated the NYLL by maintaining a common policy and practice of failing to compensate Plaintiff and the Class at one and one-half times their regular rates of pay for hours worked in excess of forty (40) in a workweek.

60. Plaintiff, the Class, and the Subclass have standing to seek such relief because of the adverse effects that Joint Employers' wage practices have had on them individually and as a group.

61. The wage practices described herein are part of Joint Employers' normal course of conduct.

62. Pursuant to Rule 23, Plaintiff's NYLL claims may be pursued by all similarly situated persons who do not opt out of the Class or Subclass.

### B. Numerosity and Impracticability of Joinder

63. The members of the Class and Subclass are so numerous that joinder is impracticable.

64. While the exact number of the members of the Class is unknown to Plaintiff at this time, upon information and belief, there are approximately forty (40) members of the Class.

65. While the exact number of the members of the Subclass is unknown to Plaintiff at this time, upon information and belief, there are approximately forty (40) members of the Subclass.

66. Therefore, the numerosity requirement of Rule 23(a) is satisfied.

### C. Common Questions of Law and Fact

67. Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and Subclass and predominate over any questions only affecting the members of the Class or Subclass individually.

68. Indeed, there are few, if any, purely individual issues in this action.

69. The questions of law and fact common to Plaintiff and the Class include, without limitation:

(a) whether Defendants maintained a common policy or practice of failing to pay overtime compensation to Plaintiff and the Class for hours worked in excess of forty (40) in a workweek;

(b) whether Defendants failed to compensate Plaintiff and the Class at one and one-half times their regular rates of pay for overtime hours worked;

(c) whether Defendants' failure to pay overtime wages was willful; and

(d) whether Plaintiff and the Class are entitled to unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees and costs under the NYLL.

70. Accordingly, the common question requirement of Rule 23(a) is satisfied.

**D. Typicality of Claims and Relief Sought**

71. Plaintiff's claims are typical of the claims of the members of the Class and Subclass she seeks to represent.

72. Plaintiff, the Class, and the Subclass work or have worked for Joint Employers, and are or were subject to the same compensation policies and practices.

73. The wage violations suffered by Plaintiff, and the damages resulting therefrom, are typical of Joint Employers' treatment of their Employees, generally, and of the Class and Subclass, specifically.

74. Therefore, the typicality requirement of Rule 23(a) is satisfied.

**E. Adequacy of Representation**

75. Plaintiff will fairly and adequately protect the interests of the Class and Subclass because Plaintiff's interests are coextensive and aligned with those of the members of the Class and Subclass.

76. Plaintiff has no interests adverse to the Class and Subclass she seeks to represent.

77. Plaintiff is willing and able to represent the Class and Subclass fairly and vigorously, in part because she does not assert individual NYLL claims separate and apart from the Class and Subclass she seeks to represent.

78. Plaintiff has retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

79. The combined interests, experience, and resources of Plaintiff and her counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of Rule 23(a).

**F. Requirements of Rule 23(b)(1)**

80. Without certification of the Class and Subclass, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

81. Accordingly, certification of the Class and Subclass is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, the Subclass, and Defendants.

82. By filing this Complaint, Plaintiff preserves the rights of the members of the Class and Subclass with respect to the statute of limitations on their claims.

83. Therefore, failing to certify the Class and Subclass would substantially impair and/or impede the ability of the members of the Class and Subclass to protect their interests.

### G. Requirements of Rule 23(b)(2)

84. Defendants acted on grounds, as described herein, generally applicable to Plaintiff, the Class, and the Subclass by denying Plaintiff and the Subclass minimum wages, and denying Plaintiff and the Class overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of employment, failing to pay wages on time, and failing to provide Notices of Pay Rate and furnish accurate wage statements.

85. These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff, the Class, and the Subclass as a whole.

86. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, wages paid at their regular rates of pay, timely payment of wages, Notices of Pay Rate and accurate wage statements.

87. Declaratory and injunctive relief are the factual and legal predicates for Plaintiff' and the Class's and Subclass's entitlement to monetary and non-monetary remedies for such wage violations.

88. Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

### H. Requirements of Rule 23(b)(3)

89. The common issues of fact and law affecting Plaintiff's claims and those of the Class and Subclass — including, without limitation, the common issues identified in the paragraphs above — predominate over issues affecting only individual claims.

90. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and those of the Class and Subclass.

91. The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class and Subclass to pursue their claims individually.

92. This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class and Subclass (they must have worked for Defendants as Employees during the statutory period), as well as the common questions of law and fact described herein.

## **CAUSES OF ACTION**

### **COUNT I**
### **VIOLATION OF TITLE VII - DISCRIMINATION ON THE BASIS OF RELIGION AND NATIONAL ORIGIN**
**(On Behalf of Plaintiff Against All Defendants)**

93. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

94. Plaintiff is a member of a protected class on the basis of religion and national origin.

95. Plaintiff, in all respects and at all relevant times, was performing her job in a manner that was consistent with Defendants' legitimate business expectations and was qualified for her position.

96. Defendants discriminated against Plaintiff as described above by treating her less favorably than similarly situated employees outside of her protected classes.

97. Defendants' conduct was motivated, at least in part, by discriminatory animus based on her religion and/or national origin.

98. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages and benefits, humiliation, degradation, emotional distress, and other compensatory damages.

## COUNT II
## VIOLATION OF TITLE VII - RETALIATION
### (On Behalf of Plaintiff Against All Defendants)

99. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

100. Plaintiff engaged in protected activity when she complained to Defendants about the disparate treatment she had been experiencing due to her romantic relationship with a Hispanic male.

101. Defendants were aware of Plaintiff's protected activity.

102. Thereafter, Defendants subjected Plaintiff to adverse employment actions.

103. Defendants took such adverse actions against Plaintiff because she engaged in protected activity.

104. Defendants' retaliatory conduct was intentional and carried out with malice or reckless indifference to Plaintiff's federally protected rights, entitling her to punitive damages.

105. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages and benefits, humiliation, degradation, emotional distress, and other compensatory damages.

## COUNT III
## VIOLATIONS OF THE NYSHRL - DISCRIMINATION
## ON THE BASIS OF RELIGION AND NATIONAL ORIGIN
### (On Behalf of Plaintiff Against All Defendants)

106. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

107. Plaintiff is a member of a protected class on the basis of religion and national origin.

108. Plaintiff, in all respects and at all relevant times, was performing her job in a manner that was consistent with Defendants' legitimate business expectations and was qualified for her position.

109. Defendants discriminated against Plaintiff as described above by treating her less favorably than similarly situated employees outside of her protected classes.

110. Defendants' conduct was motivated, at least in part, by discriminatory animus based on her religion and/or national origin.

111. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages and benefits, humiliation, degradation, emotional distress, and other compensatory damages.

## COUNT IV
## VIOLATIONS OF THE NYSHRL - RETALIATION
**(On Behalf of Plaintiff Against All Defendants)**

112. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

113. Plaintiff engaged in protected activity when she complained to Defendants about the disparate treatment she had been experiencing due to her romantic relationship with a Hispanic male.

114. Defendants were aware of Plaintiff's protected activity.

115. Thereafter, Defendants subjected Plaintiff to adverse employment actions.

116. Defendants took such adverse actions against Plaintiff because she engaged in protected activity.

117. Defendants' retaliatory conduct was intentional and carried out with malice or reckless indifference to Plaintiff's federally protected rights, entitling her to punitive damages.

118. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages and benefits, humiliation, degradation, emotional distress, and other compensatory damages.

### COUNT V
### VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME
(On Behalf of Plaintiff and the Collective Against All Defendants)

119. Plaintiff, on behalf of herself and the FLSA Collective Members, re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

120. Defendants knowingly and willfully failed to pay Plaintiff the proper compensation corresponding to the overtime hours of work.

121. Plaintiff and the FLSA Collective Members are entitled to compensation for each of her overtime hours worked each work week.

122. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

123. Defendants misclassified Plaintiff as independent contractor despite performing manual labor and treated as an employee to evade their legal obligation of paying her and the Collective Members their overtime compensation.

124. Similarly, Defendants are liable to the Plaintiff and the FLSA Collective Members for associated damages pursuant to 29 U.S.C. § 207.

125. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Members have suffered damages and have incurred costs as well as reasonable attorneys' fees.

126. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

127. Because Defendants' violations of the FLSA were not the product of objective good faith or otherwise objectively excusable, Plaintiff and the FLSA Collective Members are entitled to liquidated damages.

128. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Members have been deprived of their wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and interest (pre-judgment and post-judgment).

**COUNT VI**
**VIOLATIONS OF THE NYLL - FAILURE TO PAY OVERTIME**
**(On Behalf of Plaintiff and the Class Against All Defendants)**

129. Plaintiff, on behalf of herself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

130. At all relevant times, Plaintiff and the Class were employees within the meaning of the New York Labor Law and its implementing regulations.

131. The NYLL requires covered employers, including Defendants, to compensate Plaintiff and the Class at their established regular rates of pay for all hours worked in a workweek at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

132. Plaintiff and the Class were not exempt from the requirement and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

133. Throughout the full statute of limitations period, Defendants had engaged in a common policy and practice of failing to pay Plaintiff and the Class at their established regular rates of pay for all hours worked.

134. Defendants have failed to pay Plaintiff and the Class overtime for hours that they worked in excess of forty (40) hours in a workweek.

135. As a result of Defendant's failure to compensate Plaintiff and the Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendant had violated the NYLL and/or applicable regulations thereunder.

136. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid overtime wages, together with liquidated damages, prejudgment interest, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Members, and the Class, respectfully requests that the Court:

A. Declare that the practices complained of herein violate Title VII, the NYSHRL, the FLSA, and the NYLL;

B. Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. Determine the damages sustained by Plaintiff as a result of Defendants' violations of Title VII, the NYSHRL, FLSA, and NYLL, and award those damages against Defendant and in favor of Plaintiff plus such pre-judgment and post-judgment interest as may be allowed by law;

D. Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendant to provide Plaintiff with a list of all members of the Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

E. Designate Plaintiff as the representative of the FLSA Collective Members and the Class, and his counsel of record as class counsel;

F. Grant conditional certification of the FLSA collective action and authorize notice to similarly situated employees; and

G. Award Plaintiff compensatory damages for emotional distress, humiliation, and other non-economic harm under Title VII and the NYSHRL;

H. Award Plaintiff punitive damages as permitted under Title VII and the NYSHRL;

I. Award Plaintiff, the FLSA Collective, and the Class, an additional equal amount as liquidated damages because Defendant's violations were without a good faith basis;

J. Award prejudgment and post-judgment interest as permitted by law;

K. Award Plaintiff her reasonable attorneys' fees and costs; and

L. Grant Plaintiff, the FLSA Collective Members, and the Class, such other and further relief that the Court deems just and proper.

M. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
      February 27, 2026               Respectfully submitted,

                                        **SAGE LEGAL LLC**

                                        _/s/ Emanuel Kataev, Esq._
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421 (office)
                                        (917) 807-7819 (cellular)
                                        (718) 489-4155 (facsimile)
                                        emanuel@sagelegal.nyc

                                        _Attorneys for Plaintiff_
                                        _Mazal Ilyaich and_
                                        _all others similarly situated_