**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

|  |  |
|---|---|
| MAZAL ILYAICH, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INFINITE CARE DEVELOPMENT, LLC d/b/a HUDSON HILL CENTER FOR REHABILITATION AND NURSING, and DANIEL SPIZER<br><br>Defendants. | Case No. 7:26-cv-01642-PMH<br><br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT** |

Defendants Infinite Care Development, LLC d/b/a Hudson Hill Center for Rehabilitation and Nursing ("Hudson Hill") and Daniel Speiser[1] (incorrectly sued as Daniel Spizer) (collectively, "Defendants"), by and through counsel, hereby answer the Complaint of Plaintiff Mazal Ilyaich ("Plaintiff"), and state as follows:

**GENERAL DENIAL**

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendants deny each and every allegation in the Complaint except as expressly admitted herein. Defendants further deny that Plaintiff or any putative class or collective member is entitled to any relief whatsoever.

**AS TO THE INTRODUCTION**

1.      Defendants deny the allegations contained in Paragraph 1, including that Defendants engaged in discrimination, retaliation, or violated Title VII, the NYSHRL, the FLSA, or the NYLL.

---

[1] The Complaint and the case caption misspell Defendant Daniel Speiser's name as "Spizer." The correct spelling, "Speiser," is used hereinafter and throughout the remainder of this Answer.

2.      Defendants deny the allegations in Paragraph 2, including that Plaintiff was discriminated against on the basis of religion or national origin, deny that Plaintiff was misclassified, and deny that Defendants failed to pay Plaintiff all wages owed.

3.      Defendants deny the allegations in Paragraph 3.

## AS TO JURISDICTION AND VENUE

4.      Defendants admit that this Court has subject matter jurisdiction over the federal claims purportedly asserted and deny all remaining allegations.

5.      Defendants admit that the Court may exercise supplemental jurisdiction over state law claims but deny that Plaintiff has stated any valid state law claim.

6.      Defendants admit that venue is alleged to be proper in this District and deny any remaining allegations.

7.      Defendants deny the allegations in Paragraph 7 to the extent they assert non-exempt status or wrongdoing.

## AS TO THE PARTIES

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore deny them.

9.      Defendants admit that Plaintiff was employed at Hudson Hill Center For Rehabilitation And Nursing during portions of the period alleged, but deny the remaining allegations.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants admit that Daniel Speiser is a resident of New York but deny any implication of individual liability.

12.     Defendants admit that Plaintiff performed work in New York during her employment.

13.    Defendants deny that Speiser was Plaintiff's "employer" under the FLSA, NYLL, or NYSHRL and deny that he exercised the level of control alleged.

## AS TO THE PROCEDURAL BACKGROUND

14.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and therefore deny them.

15.    Defendants admit that Plaintiff alleges receipt of an EEOC Right to Sue notice.

16.    Defendants admit Paragraph 16 as alleged.

17.    Paragraph 17 contains no allegation requiring a response.

## AS TO THE FACTUAL ALLEGATIONS

18.    Defendants deny each and every allegation contained in Paragraph 18 including allegations of discrimination, animus, hostile treatment, or religious bias.

19.    Defendants deny each and every allegation contained in Paragraph 19 including allegations of discrimination, animus, hostile treatment, or religious bias.

20.    Defendants deny each and every allegation contained in Paragraph 20 including allegations of discrimination, animus, hostile treatment, or religious bias.

21.    Defendants deny each and every allegation contained in Paragraph 21 including allegations of discrimination, animus, hostile treatment, or religious bias.

22.    Defendants deny each and every allegation contained in Paragraph 22 including allegations of discrimination, animus, hostile treatment, or religious bias.

23.    Defendants deny each and every allegation contained in Paragraph 23 including allegations of discrimination, animus, hostile treatment, or religious bias.

24.    Defendants deny each and every allegation contained in Paragraph 24 including allegations of discrimination, animus, hostile treatment, or religious bias.

25.     Defendants deny each and every allegation contained in Paragraph 25 including allegations of discrimination, animus, hostile treatment, or religious bias.

26.     Defendants deny each and every allegation contained in Paragraph 26 including allegations of discrimination, animus, hostile treatment, or religious bias.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29 and assert that Plaintiff's employment ended for legitimate, nondiscriminatory, and non-retaliatory reasons.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants admit Plaintiff was paid a weekly salary but deny all allegations of improper wage calculations.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

### AS TO THE FLSA COLLECTIVE ACTION ALLEGATIONS

48. Defendants deny that this matter is appropriate for treatment as a collective action.

49. Defendants deny each and every allegation in Paragraph 49, including that Plaintiff or any other individual was similarly situated, misclassified, or denied overtime compensation.

50. Defendants deny each and every allegation in Paragraph 50, including that Plaintiff or any other individual was similarly situated, misclassified, or denied overtime compensation.

51. Defendants deny each and every allegation in Paragraph 51, including that Plaintiff or any other individual was similarly situated, misclassified, or denied overtime compensation.

52. Defendants deny each and every allegation in Paragraph 52, including that Plaintiff or any other individual was similarly situated, misclassified, or denied overtime compensation.

53. Defendants deny each and every allegation in Paragraph 53, including that Plaintiff or any other individual was similarly situated, misclassified, or denied overtime compensation.

54. Defendants deny each and every allegation in Paragraph 54, including that Plaintiff or any other individual was similarly situated, misclassified, or denied overtime compensation.

55. Defendants deny each and every allegation in Paragraph 55, including that Plaintiff or any other individual was similarly situated, misclassified, or denied overtime compensation.

### AS TO THE CLASS ACTIONS ALLEGATIONS

56. Defendants deny each and every allegation contained in Paragraph 56, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

57. Defendants deny each and every allegation contained in Paragraph 57, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

58. Defendants deny each and every allegation contained in Paragraph 58, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

59. Defendants deny each and every allegation contained in Paragraph 59, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

60. Defendants deny each and every allegation contained in Paragraph 60, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

61. Defendants deny each and every allegation contained in Paragraph 61, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

62. Defendants deny each and every allegation contained in Paragraph 62, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

63. Defendants deny each and every allegation contained in Paragraph 63, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

64. Defendants deny each and every allegation contained in Paragraph 64, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

65. Defendants deny each and every allegation contained in Paragraph 65, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

66. Defendants deny each and every allegation contained in Paragraph 66, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

67. Defendants deny each and every allegation contained in Paragraph 67, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

68. Defendants deny each and every allegation contained in Paragraph 68, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

69. Defendants deny each and every allegation contained in Paragraph 69, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

70. Defendants deny each and every allegation contained in Paragraph 70, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

71. Defendants deny each and every allegation contained in Paragraph 71, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

72. Defendants deny each and every allegation contained in Paragraph 72, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

73. Defendants deny each and every allegation contained in Paragraph 73, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

74. Defendants deny each and every allegation contained in Paragraph 74, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

75. Defendants deny each and every allegation contained in Paragraph 75, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

76. Defendants deny each and every allegation contained in Paragraph 76, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

77. Defendants deny each and every allegation contained in Paragraph 77, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

78. Defendants deny each and every allegation contained in Paragraph 78, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

79. Defendants deny each and every allegation contained in Paragraph 79, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

80. Defendants deny each and every allegation contained in Paragraph 80, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

81.     Defendants deny each and every allegation contained in Paragraph 81, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

82.     Defendants deny each and every allegation contained in Paragraph 82, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

83.     Defendants deny each and every allegation contained in Paragraph 83, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

84.     Defendants deny each and every allegation contained in Paragraph 84, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

85.     Defendants deny each and every allegation contained in Paragraph 85, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

86.     Defendants deny each and every allegation contained in Paragraph 86, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

87.     Defendants deny each and every allegation contained in Paragraph 87, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

88.     Defendants deny each and every allegation contained in Paragraph 88, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

89.     Defendants deny each and every allegation contained in Paragraph 89, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

90.     Defendants deny each and every allegation contained in Paragraph 90, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

91.     Defendants deny each and every allegation contained in Paragraph 91, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

92.     Defendants deny each and every allegation contained in Paragraph 92, including that Plaintiff meets any requirement of Federal Civil Rule of Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, or superiority.

## AS TO COUNT I – VIOLATION OF TITLE VII – DISCRIMINATION ON THE BASIS OF RELIGION AND NATIONAL ORIGIN

93.     Defendants re-assert and incorporate by reference all of their responses to all previous paragraphs as if set forth fully herein in response to Paragraph 93 of the Complaint.

94.     Defendants deny each and every allegation contained in Paragraph 94, including that Plaintiff was subjected to discrimination based on religion or national origin.

95.     Defendants deny each and every allegation contained in Paragraph 95, including that Plaintiff was subjected to discrimination based on religion or national origin.

96.     Defendants deny each and every allegation contained in Paragraph 96, including that Plaintiff was subjected to discrimination based on religion or national origin.

97.     Defendants deny each and every allegation contained in Paragraph 97, including that Plaintiff was subjected to discrimination based on religion or national origin.

98.     Defendants deny each and every allegation contained in Paragraph 98, including that Plaintiff was subjected to discrimination based on religion or national origin.

## AS TO COUNT II – VIOLATION OF TITLE VII - RETALIATION

99.     Defendants re-assert and incorporate by reference all of their responses to all previous paragraphs as if set forth fully herein in response to Paragraph 99 of the Complaint.

100.     Defendants deny each and every allegation contained in Paragraph 100, including that Plaintiff engaged in protected activity or suffered retaliation.

101.     Defendants deny each and every allegation contained in Paragraph 101, including that Plaintiff engaged in protected activity or suffered retaliation.

102.     Defendants deny each and every allegation contained in Paragraph 102, including that Plaintiff engaged in protected activity or suffered retaliation.

103.     Defendants deny each and every allegation contained in Paragraph 103, including that Plaintiff engaged in protected activity or suffered retaliation.

104.     Defendants deny each and every allegation contained in Paragraph 104, including that Plaintiff engaged in protected activity or suffered retaliation.

105.     Defendants deny each and every allegation contained in Paragraph 105, including that Plaintiff engaged in protected activity or suffered retaliation.

## AS TO COUNT III – VIOLATIONS OF THE NYSHRL – DISCRIMINATION ON THE BASIS OF RELIGION AND NATIONAL ORIGIN

106.     Defendants re-assert and incorporate by reference all of their responses to all previous paragraphs as if set forth fully herein in response to Paragraph 106 of the Complaint.

107.     Defendants deny each and every allegation contained in Paragraph 107.

108.     Defendants deny each and every allegation contained in Paragraph 108.

109.     Defendants deny each and every allegation contained in Paragraph 109.

11

110.    Defendants deny each and every allegation contained in Paragraph 110.

111.    Defendants deny each and every allegation contained in Paragraph 111.

**AS TO COUNT IV – VIOLATIONS OF THE NYSHRL - RETALIATION**

112.    Defendants re-assert and incorporate by reference all of their responses to all previous paragraphs as if set forth fully herein in response to Paragraph 112 of the Complaint.

113.    Defendants deny each and every allegation contained in Paragraph 113.

114.    Defendants deny each and every allegation contained in Paragraph 114.

115.    Defendants deny each and every allegation contained in Paragraph 115.

116.    Defendants deny each and every allegation contained in Paragraph 116.

117.    Defendants deny each and every allegation contained in Paragraph 117.

118.    Defendants deny each and every allegation contained in Paragraph 118.

**AS TO COUNT V – VIOLATIONS OF THE FLSA – FAILURE TO PAY OVERTIME**

119.    Defendants re-assert and incorporate by reference all of their responses to all previous paragraphs as if set forth fully herein in response to Paragraph 119 of the Complaint.

120.    Defendants deny each and every allegation in Paragraph 120, including that Plaintiff was misclassified, non-exempt, or denied overtime.

121.    Defendants deny each and every allegation in Paragraph 121, including that Plaintiff was misclassified, non-exempt, or denied overtime.

122.    Defendants deny each and every allegation in Paragraph 122, including that Plaintiff was misclassified, non-exempt, or denied overtime.

123.    Defendants deny each and every allegation in Paragraph 123, including that Plaintiff was misclassified, non-exempt, or denied overtime.

124.    Defendants deny each and every allegation in Paragraph 124, including that Plaintiff was misclassified, non-exempt, or denied overtime.

12

125.   Defendants deny each and every allegation in Paragraph 125, including that Plaintiff was misclassified, non-exempt, or denied overtime.

126.   Defendants deny each and every allegation in Paragraph 126, including that Plaintiff was misclassified, non-exempt, or denied overtime.

127.   Defendants deny each and every allegation in Paragraph 127, including that Plaintiff was misclassified, non-exempt, or denied overtime.

128.   Defendants deny each and every allegation in Paragraph 128, including that Plaintiff was misclassified, non-exempt, or denied overtime.

## AS TO COUNT VI – VIOLATIONS OF THE NYLL – FAILURE TO PAY OVERTIME

129.   Defendants re-assert and incorporate by reference all of their responses to all previous paragraphs as if set forth fully herein in response to Paragraph 129 of the Complaint.

130.   Defendants deny each and every allegation in Paragraph 130.

131.   Defendants deny each and every allegation in Paragraph 131.

132.   Defendants deny each and every allegation in Paragraph 132.

133.   Defendants deny each and every allegation in Paragraph 133.

134.   Defendants deny each and every allegation in Paragraph 134.

135.   Defendants deny each and every allegation in Paragraph 135.

136.   Defendants deny each and every allegation in Paragraph 136.

## AS TO THE PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested by her Wherefore clause and as alleged in the Complaint.

## SEPARATE DEFENSES

Defendants assert the following Separate Defenses without assuming any burden of proof that they do not otherwise bear under applicable law, and expressly reserve the right to amend or supplement these defenses as discovery proceeds.

## FIRST SEPARATE DEFENSE

The Complaint, in whole or in part, fails to state claims upon which relief may be granted under Title VII, the New York State Human Rights Law, the Fair Labor Standards Act, the New York Labor Law, or any other statute or common law theory.

## SECOND SEPARATE DEFENSE

All employment actions taken with respect to Plaintiff were based upon legitimate, lawful, non-discriminatory, and non-retaliatory business reasons unrelated to Plaintiff's religion, national origin, or any protected activity, and therefore do not give rise to liability.

## THIRD SEPARATE DEFENSE

Defendants at all relevant times acted in good faith and with a reasonable belief that their conduct complied with all applicable federal, state, and local laws, including but not limited to Title VII, the NYSHRL, the FLSA, and the NYLL, thereby barring or limiting any recovery of liquidated, punitive, or enhanced damages.

## FOURTH SEPARATE DEFENSE

Plaintiff was properly classified as exempt under the executive and/or administrative exemptions to the overtime requirements of the FLSA and the NYLL, and therefore is not entitled to overtime compensation under those statutes.

## FIFTH SEPARATE DEFENSE

Defendant Daniel Speiser was not Plaintiff's employer within the meaning of Title VII, the FLSA, the NYLL, or the NYSHRL, did not exercise the requisite control over Plaintiff's employment, and cannot be held individually liable for the claims alleged.

## SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to properly and timely exhaust administrative remedies or exceeded the scope of any administrative charge filed with the Equal Employment Opportunity Commission or the New York State Division of Human Rights.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations governing Title VII, the NYSHRL, the FLSA, and the NYLL.

## EIGHTH SEPARATE DEFENSE

Any alleged violations of wage and hour laws were not willful, intentional, reckless, or knowing, and therefore Plaintiff is not entitled to extended limitations periods or liquidated damages under the FLSA or NYLL.

## NINTH SEPARATE DEFENSE

Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, and any recovery must be reduced or barred accordingly.

## TENTH SEPARATE DEFENSE

Defendants are not the proximate or actual cause of Plaintiff's alleged damages, if any, which were caused by factors independent of any actions taken by Defendants.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims and any requested relief are barred or limited by the after-acquired evidence doctrine, including but not limited to misconduct or omissions by Plaintiff that would have resulted in termination or other adverse action had Defendants been aware of such conduct.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, estoppel, and/or laches.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff lacks standing to pursue injunctive or declaratory relief because she is no longer employed by Defendants and cannot demonstrate a real or immediate threat of future harm.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, adequacy, predominance, or superiority, and therefore class certification is improper.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff is not similarly situated to any other employee for purposes of the FLSA, and no collective action may properly be maintained under 29 U.S.C. § 216(b).

## SIXTEENTH SEPARATE DEFENSE

Defendants are entitled to offset, credit, or set-off for all wages and compensation already paid to Plaintiff.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff has failed to allege facts sufficient to support an award of punitive damages, liquidated damages, or enhanced statutory penalties under any applicable law.

16

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants respectfully request that the Court:

A.      Dismiss the Complaint in its entirety with prejudice;

B.      Deny class and collective certification;

C.      Award Defendants their costs and attorneys' fees; and

D.      Grant such other and further relief as the Court deems just and proper.


Dated: March 25, 2026                    **LITTLER MENDELSON, P.C.**
      Newark, New Jersey                  *Attorneys for Defendants*
                                           *Infinite Care Development, LLC and Daniel Speiser*

                                           */s/ Jennifer I. Fischer*
                                           Jennifer I. Fischer (N.Y. Bar No. 5013875)
                                           jfischer@littler.com
                                           Amber M. Spataro (*pro hac vice* admission pending)
                                           aspataro@littler.com
                                           One Newark Center, 8th Floor
                                           Newark, New Jersey 07102
                                           973.848.4700

17

## CERTIFICATION OF SERVICE

I hereby certify under penalty of perjury that on this date I caused a true and exact copy of the foregoing Answer to be electronically served via ECF service on plaintiff's attorney, Emanuel Kataev, Esq., Sage Legal, LLC, 18211 Jamaica Avenue, Jamaica, NY 11423, email: emanuel@sagelegal.nyc

<u>/s/ Jennifer I. Fischer</u>
Jennifer I. Fischer

Dated: March 25, 2026
      Newark, New Jersey

4903-9547-4587.3 / 127595.1001