Littler

**Littler Mendelson, P.C.**
1085 Raymond Blvd. 8th Fl.
Newark, NJ 07102

Amber M. Spataro
973.848.4745 direct
ASpataro@littler.com

October 30, 2026

**VIA ECF**

The Honorable Philip M. Halpern, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Mazal Ilyaich v. Infinite Care Development, LLC*, Case No. 7:26-cv-01642-PMH

Dear Judge Halpern:

We write on behalf of Defendants in the above-referenced action to oppose Plaintiff's October 8, 2026 motion to reopen this case.

As an initial matter, Plaintiff identifies no Federal Rule of Civil Procedure, statute, or Court order authorizing reopening under the circumstances presented here. Nor does Plaintiff establish any basis for disturbing the parties' settlement, particularly where the remaining delay in execution and payment resulted from **Plaintiff's own failure to provide documents required by the signed, written settlement agreement necessary to effectuate settlement**.[1]

On the merits, Plaintiff's application omits the central fact that Defendants' obligation to issue payment was contingent on receipt of the tax documentation necessary to process that payment, including a W-9 for Plaintiff's counsel's firm. Although Plaintiff signed the settlement agreement months ago and filed the motion at issue more than two weeks ago, **<u>Plaintiff's counsel did not provide the required W-9 until 3:53 p.m. on Friday, October 23, 2026</u>**. Without this document, Defendants' payment-related obligations had not been triggered, and Defendants could not complete processing of the settlement payment.

Furthermore, Plaintiff's counsel's assertion that he had not heard from Defendants for a month is incorrect. Defendants responded on October 14, 2026, specifically advising that a W-9 for

[1] Procedurally, Defendants also note that Plaintiff did not comply with Your Honor's Individual Rules requiring motions of this nature and communications with this Court to be by letter. *See* Rule 1.B. Defendants respectfully raise this point only briefly, as the motion should be denied on the merits in any event.

counsel's firm was still required. **(Ex. A)**. After receiving no response, Defendants forwarded that October 14 email again on October 20, 2026. **(*Id.*)**. Then, on October 23, 2026, after receipt of the Court's Order (ECF Docket No. 29), Defendants again reminded Plaintiff's counsel that the required settlement documents remained outstanding and advised that Defendants would need to oppose his baseless motion. **(*Id.*)**. In response, counsel stated, "My team will send," and did not dispute that the required documents were still missing. **(*Id.*)**.

Notably, this is not the first time Plaintiff's counsel has threatened to reopen the case or seek sanctions over delays attributable to Plaintiff's counsel's own conduct. Indeed, Plaintiff's counsel has repeatedly made such threats on a near-monthly basis even though the delays have stemmed from, among other things, his failure to timely provide tax-related information, his failure to see or respond to emails, and his earlier insistence on a Schedule A document (to be appended to the settlement agreement) that was not a material term agreed to at mediation.

Notwithstanding, Defendants have acted cooperatively and in good faith throughout this process. We have repeatedly reminded Plaintiff's counsel of his outstanding obligations and persuaded him to refrain from unnecessary motion practice, including prior threatened applications to reopen and requests for sanctions. Now that the W-9 has finally been provided, Defendants' payment obligations have been triggered, and the parties are in the process of completing the settlement.

Accordingly, there is no basis to reopen this action, and Plaintiff's motion should be denied. Defendants thank the Court for its courtesy in permitting this response.

Respectfully submitted,

*/s/ Amber M. Spataro*

Amber Spataro
**LITTLER MENDELSON, P.C.**
1085 Raymond Blvd.
Newark, NJ 07102
aspataro@littler.com

*Attorneys for Defendants*

Encl. Ex. A